Affirmed and Memorandum Opinion
filed December 16, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00880-CR



Hudson Marvin
Holmes, Jr., Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Court at Law No. 3

Brazoria County, Texas

Trial Court
Cause No. 166709



 

MEMORANDUM OPINION 

A jury convicted appellant Hudson Marvin Holmes, Jr.
of one count of misdemeanor assault.  The trial court sentenced him to one year
imprisonment, probated for one year, and assessed a fine and restitution. 
Appellant challenges his conviction on the single ground that his trial counsel
provided ineffective assistance.  We affirm.

Background

The underlying facts
of appellant’s conviction are irrelevant to the disposition of this case.  The
issue on appeal centers on the alleged bias or prejudice of Juror No. 19, A. Phillips,
and trial counsel’s failure to strike her from the venire or challenge her for
cause.

Phillips spoke several times during voir dire. 
First, the prosecutor asked about the criminal backgrounds of the jurors. 
Phillips responded that she had a drug possession charge.  The prosecutor asked
whether Phillips would feel any bias in this case, and Phillips responded that
she would not.  Later, defense counsel asked the jurors to rate the defendant’s
guilt on a scale of one to ten.  One juror said, “[F]ive because we don’t know
one way or the other.”  Counsel then asked the venire if anyone agreed, and
Phillips responded affirmatively: “Well, obviously he did something or he
wouldn’t be here; but we don’t know if what he’s been charged with is really
the way it went or if that’s just one story, you know.  We don’t have his side
of the story yet, but obviously he did something.”

Then counsel asked if anyone else agreed with
Phillips, and another juror gave an affirmative response.  The next juror said
that appellant was 100% innocent because “we don’t know any facts and we’re
supposed to presume he’s innocent.”  Counsel continued questioning the jurors,
most of whom agreed that appellant was 100% innocent.  When counsel reached
Phillips after eight consecutive “100% innocent” answers from other jurors, the
following exchange occurred:

[Defense Counsel]:     Ms. Phillips —

[Phillips]:                     Well, I mean —

[Defense Counsel]:     — we’re back to you.

[Phillips]:                     I guess — well, can I
explain it?

[Defense Counsel]:     Absolutely. That’s what we’re here
for.

[Phillips]:                     I
mean, I guess, by the way the law is, yes, he’s innocent.  But I want to —
okay.  Yes.  Without hearing any facts, yeah, he’s innocent.

[Defense Counsel]:     Okay.

Later, Phillips acknowledged that she could consider
the whole range of punishment.  At the conclusion of voir dire, appellant’s
trial counsel challenged one juror for cause, and the court sustained the
challenge.  Counsel then used peremptory strikes on three other jurors. 
Phillips was the sixth and final juror selected from the venire.

Appellant was convicted by the jury and ultimately
sentenced by the court.  Trial counsel moved for a new trial but did not allege
ineffective assistance.  The trial court made no findings regarding the
effectiveness of counsel’s assistance to appellant.  This appeal followed.

Analysis

A.   
Legal Standard

Appellant argues that
he received ineffective assistance during voir dire.  Specifically, appellant
argues that his trial counsel should have (1) challenged Phillips for cause or (2)
used a peremptory strike on Phillips instead of one of the other three venire
members.

To analyze an appellant’s claim of ineffective
assistance, we apply the familiar two-prong test announced by the United States
Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  First,
an appellant must show that counsel’s performance was deficient—namely, that
counsel’s representation fell below an objective standard of reasonableness.  Id.
at 687–88.  A reviewing court “must indulge a strong presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance.”  Id.
at 689.  Second, an appellant must show that counsel’s deficiency caused
prejudice—namely, that “counsel’s errors were so serious as to deprive the
defendant of a fair trial, a trial whose result is reliable.”  Id. at
687.  There must exist a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Id. at 694.  An appellant must satisfy both of these prongs by a
preponderance of the evidence.  Perez v. State, 310 S.W.3d 890, 893
(Tex. Crim. App. 2010).  If an appellant fails to prove one of the prongs, we
must affirm the conviction.  Id.

Trial counsel’s explanation for the allegedly
deficient conduct is usually a crucial issue of fact that must be elicited in a
trial court.  Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App.
2005).  If an appellant cannot show in the record that counsel’s conduct was
not the product of a strategic decision, “a reviewing court should presume that
trial counsel’s performance was constitutionally adequate ‘unless the
challenged conduct was so outrageous that no competent attorney would have
engaged in it.’”  State v. Morales, 253 S.W.3d 686, 696–97 (Tex. Crim.
App. 2008) (quoting Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005)).

B.     Counsel’s
Performance Was Not Deficient

The record in this case is devoid of any explanation
for why appellant’s trial counsel did not challenge or strike Phillips.  The
record contains no motion for new trial based on ineffective assistance or an
accompanying hearing.  Appellant argues that no competent attorney would refuse
to challenge or strike a biased juror.  But the Court of Criminal Appeals has
repeatedly held otherwise.  See, e.g., Jackson v. State, 877
S.W.2d 768 (Tex. Crim. App. 1994) (holding there was no deficient performance
on silent record when counsel did not challenge or strike a juror who said his
prior experience of being a victim of a burglary would probably impact his
impartiality in the trial of the defendant for robbery); Delrio v. State,
840 S.W.2d 443 (Tex. Crim. App. 1992) (per curiam) (holding no deficient
performance on silent record when counsel did not challenge or strike a juror
who was an ex-narcotics officer and admitted during voir dire that he could not
be impartial); see also Morales, 253 S.W.3d at 698 (“[T]rial
counsel must be permitted to make a strategic or tactical decision to retain a
juror who is only presumably biased.” (emphasis omitted)).

Moreover, challenging Phillips for cause would have
been futile.  To establish that a challenge is proper, the proponent of the
challenge must show that the juror understood the requirements of the law and
could not overcome his or her bias well enough to follow the law.  Gardner
v. State, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009), cert. denied, No.
09-10732, 2010 WL 1922774 (U.S. Oct. 4, 2010).  We would reverse a trial
court’s overruling of counsel’s challenge only if the court clearly abused its
discretion.  Id. at 296.

Here, even if we assume that Phillips’s initial comments
show bias (e.g., “obviously he did something”),[1]
the record shows that Phillips was rehabilitated.  When Phillips was questioned
later during voir dire, she acknowledged
that her prior understanding of the question was erroneous: “I mean, I guess, by
the way the law is, yes, he’s innocent.  But I want to—okay.  Yes.  Without
hearing any facts, yeah, he’s innocent.”  The record before us shows Phillips understood
the law and overcame any prior bias she may have had.  A trial court’s
overruling of a challenge on these facts would not be a clear abuse of
discretion.  Accordingly, challenging Phillips would have been futile, and
“trial counsel was under no obligation to do what would amount to a
futile act.”  Holland v. State, 761 S.W.2d 307, 319 (Tex. Crim. App.
1988).

Finally, appellant’s argument regarding peremptory
strikes is even less persuasive because the decision to use peremptory strikes,
and on whom to use them, is almost entirely a matter of discretion that
involves strategic decision-making.  Here, counsel in fact used all three
peremptory strikes.  These strikes were used on jurors lower in number than
Phillips and thus more likely to be selected for the jury than her.  Phillips also
acknowledged that she had a criminal record.  Much like trial counsel in Delrio
may have wanted an ex-narcotics officer on the jury, appellant’s trial counsel
may have wanted someone with a criminal record.  Even if we assume Phillips was
biased against appellant, we cannot say on a silent record that the failure to
strike her shows a lack of strategic decision-making.  

Appellant has failed to show that his trial counsel’s
performance was deficient.  Accordingly, we do not need to address the
prejudice prong of the Strickland test.  See My Thi Tieu v.
State, 299 S.W.3d 216, 225 (Tex. App.—Houston [14th Dist.] 2009, pet.
ref’d) (citing Strickland, 466 U.S. at 697).  

We overrule appellant’s sole issue and affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The State apparently concedes that such initial thoughts (shared by an
“overwhelming number of jurors who sit on a panel”) would need to be set aside
to allow a juror to follow the law regarding the presumption of innocence.  (See
State’s Br. 9.)  We render no opinion today on whether Phillips’s initial
comments, standing alone, show that she was actually biased.





*
Senior Justice Margaret Garner Mirabal sitting by assignment.